KORODI, APPELLANT, *v.* MINOT
ET AL., APPELLEES.

(No. 86AP-862—Decided
April 28, 1987.)

*Bradley & Farris Co., L.P.A.,
Philip R. Bradley* and *Robert H. Stoffers,* for appellant.

*Bricker & Eckler, Bruce G. Lynn*
and *Richard C. Pfeiffer, Jr.,* for appellees George Minot, CompuServe,
Inc., James Seals and Chemical
Abstracts Service, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general; *Vorys, Sater, Seymour
& Pease, John C. Elam* and *Philip A.
Brown,* special counsel, for appellees
Edward Jennings and Larry Thompson.

*Vorys, Sater, Seymour & Pease,
John C. Elam* and *Philip A. Brown,* for
appellees Patrick Meers, William
Wells, Ohio Teleport Corp., M&R
Company and Jack Ruscilli.

STRAUSBAUGH, P.J. Defendants
moved the court of common pleas to
dismiss plaintiff's complaint against
the several defendants. The trial court
granted the motion for dismissal as to
all defendants except defendant Ohio
Teleport Corporation and denied plaintiff leave to file a second amended complaint. Plaintiff appeals.

Defendant Ohio Teleport Corporation ("Teleport") was incorporated October 1, 1982 under the laws of this
state to construct and operate a
telecommunications center serving
Central Ohio. Defendants Chemical
Abstracts, CompuServe and M & R

1

Company were the initial shareholders and investors in the fledgling corporation. The Ohio State University, although not named as a defendant, was also an investor and shareholder. Edward Jennings, President of the Ohio State University, was an individual shareholder and investor in Teleport, and was named a party-defendant in his individual capacity.

Defendants George Minot, Larry Thompson, Patrick Meers, James Seals and William Wells were officers and directors of Teleport. Each of these individual defendants was also an officer or partner in the various corporate and institutional shareholders/investors.

In 1984, defendants Minot and Teleport solicited plaintiff to become president and chief executive officer ("CEO") of Teleport pursuant to the terms of a written contract of employment. Plaintiff consented to serve in this capacity for the three-year term of the contract. Sometime prior to May 22, 1986, however, Teleport became financially unsound and collapsed.

Plaintiff initiated the instant action May 22, 1986 for payment of his salary, alleging fraud, breach of express contract, breach of implied contract and unjust enrichment as grounds for relief. The original complaint alleged a preincorporation agreement among the individual shareholders to contribute $35,000 apiece as initial funding for Teleport. Plaintiff specifically alleged that defendant Minot referenced this agreement when soliciting him for the position of president and CEO, and that defendant Jennings also represented that Ohio State University would make a similar contribution despite his knowledge that such an agreement was illegal and void as to the university.

Defendants answered on July 17, 1986. The individual defendants, except defendant Teleport, moved to dismiss plaintiff's complaint pursuant to Civ. R. 12(B)(6) and 9(B). Attached to this motion was the affidavit of Teleport's corporate attorney and a verified copy of the preincorporation agreement. That agreement squarely negated plaintiff's allegations concerning the $35,000 initial funding commitment to be made by the individual shareholders and investors. Plaintiff opposed this motion and filed an amended complaint which did not allege a specific funding commitment.

The matter came before the court on a nonevidentiary hearing on August 28, 1986, at which time plaintiff was granted leave to file the amended complaint. The court then granted the motion to dismiss all defendants but defendant Teleport and denied plaintiff's oral motion for leave to file a second amended complaint. Judgment was entered September 9, 1986 and this appeal followed on September 17, 1986.

Plaintiff assigns as error the following:

"I. The trial court erred as a matter of law in dismissing the claims against the appellees as contained in appellant's complaint and amended complaint.

"II. The trial court abused its discretion in dismissing the claims against appellees as contained in the complaint and amended complaint and by not granting appellant's motion for leave to file a second amended complaint."

Prior to oral argument on these issues, defendants moved this court to dismiss plaintiff's appeal on the basis that the order of the trial court was not a final appealable order pursuant to Civ. R. 54(B). The motion is overruled.

Although the judgment entry did not contain Civ. R. 54(B) language citing "no just reason for delay," plaintiff subsequently requested a *nunc pro tunc* entry which contained the ap-

propriate language. That entry was filed October 31, 1986.

This court has held that the mere incantation by a court of the language "no just reason for delay" does not convert an otherwise interlocutory order into a final appealable judgment. *R & H Trucking, Inc.* v. *Occidental Fire & Cas. Co.* (1981), 2 Ohio App. 3d 269, 2 OBR 298, 441 N.E. 2d 816; *Mager* v. *American Select Risk Ins. Co.* (Dec. 1, 1983), Franklin App. No. 83AP-797, unreported. At issue in *R & H Trucking, Inc., supra,* was the validity of Civ. R. 54(B) language affecting only one issue of a single claim for relief. Clearly, under those circumstances the mere use of Civ. R. 54(B) language is insufficient where only one claim for relief is present.

However, where an order dismisses some, but not all, claims of a complaint presenting multiple theories of recovery, such order is final and appealable if the court finds there is no just reason for delay. *Douthitt* v. *Garrison* (1981), 3 Ohio App. 3d 254, 3 OBR 286, 444 N.E. 2d 1068, paragraph two of the syllabus. This rule obtains even where, as here, the trial court has entered a *nunc pro tunc* determination of "no just reason for delay." See *Hughes* v. *Miner* (1984), 15 Ohio App. 3d 141, 15 OBR 233, 473 N.E. 2d 53, paragraph two of the syllabus.

This logic finds further support in R.C. 2505.02. Although Civ. R. 54(B) governs appellate procedure, R.C. 2505.02 grants certain substantive rights. That section provides, in part, that "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order * * *." This case presents a factual situation where application of this principle is appropriate.

Here, plaintiff has brought several claims against multiple defendants. Although the claims against corporate defendant Teleport are still pending before the trial court, the claims against the remaining defendants have been finally adjudicated. Accordingly, defendants' motion is denied and we proceed to the merits.

Plaintiff's first assigned error challenges the dismissal of this suit on four separate grounds. Plaintiff alleges that each claim — one sounding in fraud, two in contract and a fourth for unjust enrichment — is sufficiently pleaded to withstand a Civ. R. 12(B) motion for dismissal on the pleadings. Inasmuch as our decision regarding the fraud claim is dispositive of this appeal, we will consider it first.

Generally, a motion to dismiss will only be granted where the party opposing the motion is unable to prove any set of facts which would entitle him to recover. *O'Brien* v. *University Community Tenants Union, Inc.* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753. In ruling on a motion to dismiss, the court is required to interpret all material allegations in the complaint as true and taken as admitted. *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221, 223, 12 O.O. 3d 229, 230, 390 N.E. 2d 782, 785; *Royce* v. *Smith* (1981), 68 Ohio St. 2d 106, 108, 22 O.O. 3d 332, 333-334, 429 N.E. 2d 134, 136; *Phung* v. *Waste Management, Inc.* (1986), 23 Ohio St. 3d 100, 102, 23 OBR 260, 262, 491 N.E. 2d 1114, 1116.

It is also well-established that when fraud is alleged as the basis for an action, five elements must be asserted in the complaint: (1) a false representation; (2) knowledge by the person making the representation that it is false; (3) the intent by the person making the representation to induce the other to rely on that representation; (4) rightful reliance by the other to his detriment; (5) an injury as a result of the reliance. *Schwartz* v. *Capital Savings & Loan Co.* (1978), 56

Ohio App. 2d 83, 86, 10 O.O. 3d 117, 119, 381 N.E. 2d 957, 959; *Noland* v. *Bryant* (Jan. 12, 1984), Franklin App. No. 83AP-31, unreported, at 5.

Additionally, Civ. R. 9(B) requires that an allegation of fraud be pleaded with sufficient particularity. There are usually three reasons cited for the requirement of particularity. First, particularity is required to protect defendants from the potential harm to their reputations which may attend general accusations of acts involving moral turpitude. Second, particularity ensures that the obligations are concrete and specific so as to provide defendants notice of what conduct is being challenged. Finally, the particularity requirement inhibits the filing of complaints as a pretext for discovery of unknown wrongs. See *In re Commonwealth Oil/Tesoro Petroleum Corp. Securities Litigation* (W.D. Tex. 1979), 467 F. Supp. 227, 250. The Supreme Court of Ohio has held that the first and second reasons are of paramount importance for purposes of Civ. R. 9(B). *Haddon View Investment Co.* v. *Coopers & Lybrand* (1982), 70 Ohio St. 2d 154, 158-159, 24 O.O. 3d 268, 270-271, 436 N.E. 2d 212, 215-216.

Given the ethereal nature of these rules and principles, it is not surprising that courts have frequently been confused when called upon to apply Civ. R. 9(B). However clear the theory which underlies the particularity requirement for pleading fraud, there is little agreement in practice as to when a complaint sufficiently meets the requirement. See, *e.g., Haddon View Investment Co., supra,* and *Hooper* v. *Seventh Urban, Inc.* (1980), 70 Ohio App. 2d 101, 24 O.O. 3d 126, 434 N.E. 2d 1367; but, cf. *Noland, supra.* See, generally, 5 Wright & Miller, Federal Practice and Procedure (1969) 406, Section 1298.

The instant case is no exception. As such, it would appear that some general guidelines might aid compliance with the civil rule. In this regard, we find the general propositions developed by the Second Circuit to be quite helpful in assessing the adequacy of a complaint sounding in fraud for purposes of Civ. R. 12(B)(6). The federal appeals court has stated that the particularity required by Fed. R. Civ. P.. 9(b) means: (1) plaintiff must specify the statements claimed to be false; (2) the complaint must state the time and place where the statements were made; and, (3) plaintiff must identify the defendant claimed to have made the statement. *Goldman* v. *Belden* (C.A. 2, 1985), 754 F. 2d 1059, 1069-1070. These requirements are intended to place potential defendants on notice of the precise statement being alleged as fraudulent, which is all that Civ. R. 9(B) requires. *Id.*

The importance of notice, however, must be tempered by the provisions of Civ. R. 8(A)(1) and (E). Where numerous defendants are claimed to have participated in the fraudulent conduct, it would defeat the purpose of Civ. R. 8 to require a plaintiff to state with precision the exact time and place of each alleged misrepresentation. See *Pierce* v. *Apple Valley, Inc.* (S.D. Ohio 1984), 597 F. Supp. 1480, 1492-1493. Accordingly, a court should give due deference to the circumstances which surround the alleged fraudulent acts when invoking the requirement of particularity to test the sufficiency of a claim pursuant to Civ. R. 12(B)(6).

Keeping these general requirements in mind, we turn now to the instant complaint.[1] Plaintiff's amended complaint alleges as grounds for relief

---

[1] Inasmuch as plaintiff has made no separate assignment of error regarding the original complaint, it is not before us and we will not consider it. Therefore, our discussion contemplates only the averments made in plaintiff's amended complaint which was specifically considered and dismissed by the court below.

the following statements regarding defendants' conduct:

"10. In 1984, Defendant Minot and Defendant Teleport solicited Plaintiff to be President and Chief Executive officer of Defendant Teleport.

"11. During said solicitations and prior to Plaintiff accepting said position with Defendant Teleport, Defendant Minot stated and represented to Plaintiff that Defendant Teleport was financially sound and that additional capital would be forthcoming from the Defendant investors/shareholders of Defendant Teleport and from investor/shareholder the Ohio State University.

"12. The remaining Defendants all confirmed and acquiesced to the aforesaid statements and representations of Defendant Minot with further statements and representations that additional capital contributions would be paid. Additionally, said statements and representations were made by Defendants Jennings and Thompson, notwithstanding the aforesaid agreement being illegal and void as the same related to investor/shareholder the Ohio State University.

"13. Defendants intended Plaintiff to rely on such statements and representations and upon which Plaintiff did rely and became President of Defendant Teleport, all to his detriment.

"14. Said statements and representations concerning the financial soundness and additional capital contributions were false and fraudulent when made.

"15. Defendants' false and fraudulent statements and representations were made knowingly, wilfully, wantonly, and with malicious intent.

"16. As a result of the false and fraudulent statements and representations of Defendants, Plaintiff has suffered and will continue to suffer pecuniary losses which include, but are not limited to, lost remuneration, lost goodwill, and lost professional standing in the community."

Clearly, the allegations plead the requisite elements of a false representation, knowledge by defendants of the falsity, intent on the part of defendants that plaintiff rely on the statements, plaintiff's detrimental reliance and injury. Therefore, we must now assess the sufficiency of these allegations under the three requirements of *Goldman, supra,* to determine whether plaintiff's complaint is sufficiently particular.

The complaint at paragraph eleven specifies quite precisely the statements alleged to be false. That is, defendants represented to plaintiff that Teleport was financially sound and that additional capital would be forthcoming from defendants. At paragraph fourteen, plaintiff alleges that these statements were false at the time they were issued. This satisfies the first requirement.

Paragraphs eleven and twelve of the amended complaint specify the defendants claimed to have made the statements. Specifically, defendants Minot, Jennings and Thompson are identified individually. Clearly, the third *Goldman* requirement is met.

Although the allegations contained in paragraphs ten through sixteen of plaintiff's first claim do not specifically state the time and place where the statements were made, we believe when the complaint is read as a whole, this requirement is satisfied. Paragraph eighteen, contained under plaintiff's second claim, states:

"On or about September 24, 1984, Plaintiff entered into an employment contract with Defendant Teleport, a copy of which is attached hereto and incorporated herein."

This allegation, in conjunction with the statements contained in paragraphs ten and eleven, sufficiently apprises defendants of the time and circumstances during which the alleged

misrepresentations were made. That is, the acts complained of occurred sometime in 1984, prior to September 24 of that year. Given the number of defendants involved, we believe plaintiff's complaint is sufficiently particular in this regard so as to place each defendant on notice of the precise misrepresentation being alleged. Any other holding would seriously strain the purpose of Civ. R. 8. See *Apple Valley, Inc., supra.*

Defendants contend that the averment in plaintiff's complaint as to the amount pledged to Teleport is so general as to not place defendants on notice of the nature of the misrepresentation. This argument, however, misses the mark. Defendants' contention is, in reality, merely a statement that plaintiff should have pleaded the evidence which supported his claim. This is patently not the purpose of the rule stated in Civ. R. 9(B). See *Brady* v. *Games* (C.A.D.C. 1942), 128 F. 2d 754, 755. While such contention may be well-founded for purposes of Civ. R. 56, it has no merit when the sufficiency of the pleadings is being tested pursuant to Civ. R. 12(B)(6).

Based on the foregoing discussion, we find plaintiff's first assignment of error to be well-taken as it relates to the claim sounding in fraud. * * *[2]

Plaintiff's first assignment of error is sustained in part as to the claim for fraud, and overruled in part as to the claims resting on contract and quasi-contractual relief. Plaintiff's second assignment of error is overruled as moot. Accordingly, the judgment of the court of common pleas is affirmed

in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

> *Motion overruled.*
> *Judgment affirmed in part,*
> *reversed in part and*
> *cause remanded with instructions.*

WHITESIDE and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.

WHITESIDE, J., concurring. Even though I generally concur in the opinion and in the judgment, I find it necessary to clarify the reference to *Goldman* v. *Belden* (C.A. 2, 1985), 754 F. 2d 1059. Although the federal court in *Goldman* set forth one method of meeting the requirements of Fed. R. Civ. P. 9(b), it is by no means exhaustive and is not the only means of satisfying the particularity requirement. Here, as pointed out in the majority opinion, plaintiff has met the particularity requirement even under the *Goldman* standard. That standard, however, is not exclusive and, even as pointed out in the majority opinion, the second requirement is not mandatory, it being sufficient if the pleading gives the defendants notice of the statement alleged to be fraudulent or misleading where, as here, the alleged fraud is based upon misrepresentation. In short, the *Goldman* standard is merely a guideline but is not the sole guideline to be utilized in determining whether the particularity requirement of Civ. R. 9(B) has been satisfied.

With this additional comment, I concur in the opinion and judgment.

---

[2] The text of the opinion as it appears herein was abridged by Judge Strausbaugh.