JOHNSON'S JANITORIAL SERVICE, Appellant,

v.

ALLTEL CORPORATION et al., Appellees.

[Cite as *Johnson's Janitorial Serv. v. Alltel Corp.* (1993), 92 Ohio App.3d 327.]

Court of Appeals of Ohio,
Summit County.

No. 16080.

Decided Dec. 15, 1993.

*Avery S. Friedman,* for appellant.

*Kevin J. Breen* and *Donald P. Screen,* for appellees.

REECE, Judge.

Plaintiff-appellant, Johnson's Janitorial Service ("Johnson"), appeals the trial court's judgment dismissing its complaint for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6).  We reverse.

Johnson filed its complaint alleging fraud on the part of the defendants-appellees, Alltel Corp., Western Reserve Telephone Company and Sue Andrews. Johnson claims that on August 6, 1992, the defendants established a bidding procedure to utilize in retaining janitorial services, which they then failed to

follow. The defendants moved to dismiss Johnson's complaint for failure to state a claim upon which relief could be granted on September 29, 1992. Johnson did not respond and the court dismissed its claim on November 13, 1992. Johnson appeals, raising one assignment of error:

"The trial court erred in dismissing this action as it stated a claim upon which relief can be granted."

A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim should be granted only if the complaint does not set forth any set of facts which would permit recovery. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In ruling on a Civ.R. 12(B)(6) motion, a court must accept as true all the allegations in the complaint. *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 102, 23 OBR 260, 262, 491 N.E.2d 1114, 1116.

A complaint for fraud must include five elements: (1) a false representation; (2) knowledge by the person making the representation that it is false; (3) intent by the person making the representation to induce the other to rely on the representation; (4) rightful reliance by the other to his detriment; and (5) an injury as a result of the reliance. *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 3, 531 N.E.2d 318, 320–321. In *Korodi,* the court noted three requirements that must be met in order for a complaint sounding in fraud to state a cause of action: (1) the plaintiff must specify the alleged false statement; (2) the complaint must state the time and place the statement was made; and (3) the plaintiff must identify the defendant who made the statement. *Id.* at 4, 531 N.E.2d at 322.

In its complaint, Johnson alleged the following facts pertaining to fraudulent misrepresentations:

"25. When efforts in bad faith [to terminate the defendants' relationship with Johnson] failed by defendant Andrews, defendants devised a 'bidding' process in November, 1990 solely as a means to defeat the ongoing contract defendants maintained with plaintiff.

"26. In a notice dated November 20, 1990, defendants Alltel, Western Reserve Telephone Company and Andrews directed that a 'sealed bid' was required to be returned to defendant Andrews no later than December 17, 1990.

"27. The November 20, 1990 notice further indicated that the 'bids would be opened on January 7, 1991, and [the] contract will be awarded at that time.'

"28. Plaintiff complied with the requirements of the November 20, 1990 notice.

"29. Plaintiff discovered that its sealed bid had been opened before the January 7, 1991 deadline.

"30. Upon belief of the plaintiff, information concerning plaintiff's bid was provided to others and a bid by a firm not as experienced and with inadequate personnel was permitted to submit a bid approximately .75% lower in order to avoid the legitimacy of the bidding process.

"31. As a result of the foregoing, plaintiff has lost and continues to lose the equivalence of the bid which, to date, exceeds at least $84,000.00 in actual loss.

" * * *

"37. The rigging of the bidding process in order to injure the plaintiff by denying it an opportunity to perform services was fraudulent, deceptive and undertaken with malice, bad faith and with an intent to injure."

Based on these portions of its complaint, Johnson has stated a claim for which relief could be granted. The defendants told Johnson that sealed bids would be opened on January 7. However, Johnson alleges those bids were opened earlier and its bid was allegedly shown to its competitors. Thus, in this case Johnson has met the three requirements from *Korodi:* Johnson alleged it was falsely told a sealed bid *process* would be followed to award the janitorial contract; this alleged false statement was conveyed in a notice dated November 20, 1990; and the false statement was allegedly made by all three defendants. Accordingly, the court erred in granting the defendants' Civ.R. 12(B)(6) motion.

■ The defendants also allege that the court's judgment should be affirmed because the plaintiff's complaint did not name the real party in interest. Civ.R. 17(A) provides:

"(A) Real party in interest. Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

■ The rule provides a plaintiff with an opportunity to amend his complaint if it is done in a reasonable time. This is in keeping with the spirit of the Civil Rules, which is the resolution of cases on their merits, not upon deficiencies in the pleadings. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269, 297 N.E.2d 113, 122. Further, the timeliness of a motion to amend a complaint is determined by the reasonable diligence of the plaintiff and any prejudice to the defendant's claim, questions which we are unable to determine on a review of the pleadings. See *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 575, 589 N.E.2d 1306, 1308, fn. 1.

Johnson's assignment of error is well taken. The trial court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and DICKINSON, J., concur.