OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Argyle Productions, Inc., appeals from a decision of the Trumbull County Court of Common Pleas dismissing its second amended complaint against appellee, Ticketmaster-Indiana, an Indiana joint venture, d.b.a. Ticketmaster-Ohio, based upon failure to state a claim pursuant to Civ.R. 12(B)(6). For the reasons that follow, we reverse the decision of the trial court.
On November 20, 1997, the parties entered into a contract whereby appellee agreed to act as the ticket sales agent for the February 27, 1998, production of "Bye-Bye Birdie" which was to appear at the Packard Music Hall in Warren, Ohio for one night only. Appellant was bringing the show to Warren. It became apparent to appellant on February 24, 1998, that appellee was providing the public with the wrong information. Specifically, it was discovered that some potential ticket buyers were being told that the show was sold out and that no tickets were available. In fact, the show was not sold out and did not sell out. Thus, the misinformation provided by appellee cost appellant revenue in lost ticket sales.
On March 23, 1998, appellant filed a complaint in the trial court alleging breach of contract, violation of public policy, and fraud. On May 21, 1998, appellee filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. On July 8, 1998, appellant filed a motion for leave to file an amended complaint, and attached a first amended complaint. On July 21, 1998, the trial court, apparently finding that the first amended complaint was inadequate, gave appellant until August 4, 1998, to file a second amended complaint. On that date, appellant filed its second amended complaint. Appellee responded by filing a supplemental motion to dismiss on August 18, 1998. On August 21, 1998, the trial court dismissed appellant's case for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6).
Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred in dismissing its second amended complaint for failure to state a claim upon which relief could be granted.
The Supreme Court of Ohio has held that when a motion to dismiss for failure to state a claim has been filed, the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192. Additionally, before the complaint can be dismissed, "it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery." Id.
When the complaint is based upon fraud, however, it must be noted that Civ.R. 9(B) states that "[I]n all averments of fraud or mistake, the circumstances constituting fraud * * * shall be stated with particularity." In the case of Johnson v. F R EquipmentCo. (Sept. 27, 1996), Trumbull App. Nos. 94-T-5092, 94-T-5142 and 94-T-5147, unreported, this court set forth guidelines to determine whether a fraud claim meets the foregoing requirement of particularity:
 "`(1) plaintiff must specify the statements claimed to be false; (2) the complaint must state the time and place where the statements were made; and, (3) plaintiff must identify the defendant claimed to have made the statement.'" Id. at 5, quoting Korodi v. Minot (1987), 40 Ohio App.3d 1, 4.
In the present case, in light of these guidelines, and presuming that all factual allegations in the complaint are true, we must conclude that appellant set forth sufficient facts to state a claim for fraud in the inducement. While many of the allegations contained in appellant's second amended complaint are rather conclusory in nature, there are enough specifics contained therein to meet the particularity requirement of Civ.R. 9(B).
Within paragraphs 5, 6, 7, 8, 10, 24, 25, 27, 28, and 30, appellant specified the statements claimed to be false, the time frame in which the statements were made, and the identity of those persons who made the statements and to whom the statements were made. For example, at paragraph 8, appellant alleged:
 "Says that at the time of Michael Walthius' representations regarding Ticketmaster's intent to perform the agreement, he knew that such representations were false, that Ticketmaster did not intend to perform its obligations under the parties' agreement, that those false representations were knowingly made to induce Argyle Productions, Inc.'s reliance and that thereafter Ticketmaster would fail to perform its obligations under the agreement all to Argyle Productions, Inc.'s detriment."
The intent of Civ.R. 9(B) is to provide the defendant adequate notice of the claims that have been filed so as to be able to prepare a defense. Appellant has provided appellee with adequate notice in its second amended complaint.
Accordingly, the trial court erred in dismissing appellant's second amended complaint for failure to state a claim upon which relief could be granted. Appellant's sole assignment of error is sustained.
The judgment of the trial court is hereby reversed and the matter remanded for further proceedings consistent with this opinion.
CHRISTLEY, P.J., dissents,
NADER, J., concurs.