Larry Bradley appeals the decision of the Lorain County Court of Common Pleas which granted defendant Karol Bessick's motion to dismiss Bradley's complaint for failure to state a claim upon which relief can be granted and for failure to plead fraud with particularity. This Court affirms.
 I.
In 1986, Larry Bradley had a judgment lien against one Clifford Adams, who, together with Karol Bessick and her late husband Elmer, owned a parcel of real property in Elyria. Bradley asserts that when Adams conveyed his interest in the subject property to the Bessicks in 1986, Bradley agreed to release the lien against Adams "on reliance that the Bessicks would pay [him] the amount of the judgment lien." Bradley's complaint does not name the amount of the judgment lien. In 1991, the Bessicks executed a written assignment to Bradley for $10,882.34 to be paid from the proceeds of the sale of the subject real property. The written assignment makes no mention of the release of the lien. The assignment does not provide for a time for the sale of the property, nor does it outline circumstances that would compel the sale. The assignment states that the sum "shall not become due, nor shall bear interest, until the sale and transfer of the owner's [sic] interest in the aforementioned property." When Elmer died in 1995, the real estate had not yet been sold, and Bradley had not received his judgment money.
On May 13, 1998, Bradley filed the instant claim against Karol, alleging that at the time of the assignment in 1991, Elmer Bessick represented to Bradley that he would "take steps to list the subject real estate for sale." The complaint does not allege that the property was never listed for sale. The complaint does state that from 1991 to 1995, Bradley repeatedly asked the Bessicks when the property would be sold, and the couple continued to represent that the property would be sold. Bradley's complaint further alleges that he has "reason to believe that Defendant Karol G. Bessick and Elmer A. Bessick, deceased, operated in a manner to defraud [him], and that [he] did not become aware of said fraudulent conduct until notified of Elmer A. Bessick's death." The complaint contains no further particulars about the fraud charge.
On June 10, 1998, Karol moved to dismiss the complaint for failure to state a claim upon which relief can be granted, because the complaint did not allege that the 1991 assignment had been breached and because the fraud claim was not pled with particularity, contrary to Civ.R. 9(B). The court, without comment, granted Karol's motion to dismiss, and Bradley filed the instant appeal, assigning two errors.
 II. ASSIGNMENT OF ERROR NO. 1: [T]he Trial Court Erred in Dismissing Plaintiff's Complaint for Failure to State a Claim for Which Relief Can Be Granted.
 ASSIGNMENT OF ERROR NO. 2: The Trial Court Erred in Dismissing Plaintiff's Complaint for Failure to State a Claim for Fraud with Particularity.
 Although the complaint was sufficiently vague as to appear to allege both fraud and breach of the assignment, both parties now agree that the complaint alleged one claim, for fraud. When ruling on a motion to dismiss for failure to state a claim on which relief can be granted, the trial court must "construe the allegations in the complaint in a light most favorable to the plaintiff and must presume the truth of any factual allegation as contained in the complaint." Universal Coach, Inc. v. New York City Transit Auth., Inc. (1993), 90 Ohio App.3d 284, 290. "In order to dismiss a case for failure to state a claim upon which relief can be granted, it must appear beyond doubt that [the plaintiff] can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in [the plaintiff's] favor." State ex rel. Hunter v. Summit Cty. Human Resource Comm. (1998), 81 Ohio St.3d 450, 451. Our review of the trial court's dismissal of the complaint is de novo. Vitrano v. CWP Ltd. Partnership (Dec. 22, 1999), Summit App. No. 19516, unreported, at 6.
The elements of fraud are: (1) a false representation; (2) made with knowledge of its falsity; (3) with the intent to induce the injured party to rely on the representation; (4) justifiable reliance by the injured party and (5) injury as a result of that reliance. Johnson's Janitorial Serv. v. Alltel Corp. (1993),92 Ohio App.3d 327, 329. The heart of any claim of fraud is that the injured party changed his position in reliance on the false representation and was injured by his action in reliance on the representation.
The most reasonable inference which can be drawn from the complaint is that the 1991 assignment is related to the judgment lien which Bradley released in 1986, and that the Bessicks, prior to executing the assignment, made false statements about their intent to sell the house and pay off the 1986 judgment amount. If this is indeed what Bradley is claiming, he cannot possibly prevail, because his release of the judgment lien took place in 1986, prior to the allegedly false statements made in 1991. However, because the complaint is vague and the factual allegations poorly pled, it is possible, in theory, for Bradley to prove that (1) the Bessicks made false statements in 1986 to induce Bradley to release the judgment lien, which he did, to his detriment, or (2) in 1991, in a matter totally unrelated to the 1986 release of the lien, the Bessicks made false statements to Bradley and he acted in some way, unspecified in the complaint, in detrimental reliance on the false statements. It is not possible to say that under no set of facts could Bradley prevail in a fraud claim against Karol.
However, in "all averments of fraud * * * the circumstances constituting fraud * * * shall be stated with particularity." Civ.R. 9(B). Failure to do so may justify dismissal of the complaint. See Universal Coach, 90 Ohio App.3d at 292. The instant complaint clearly fails to allege fraud with the particularity required by Civ.R. 9(B). The complaint "must state with specificity under limited circumstances each of the elements of a claim in order to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6)." Universal Coach,90 Ohio App.3d at 290, citing York v. Ohio State Hwy. Patrol
(1991), 60 Ohio St.3d 143. Furthermore, the pleading must state with particularity "(1) specific statements claimed to be false; (2) the time and place the statements were made; and (3) which defendant made the false statements." Pollock v. Kanter (1990),68 Ohio App.3d 673, 681-682, citing Korodi v. Minot (1987),40 Ohio App.3d 1.
This Court has stated that the requirements of Civ.R. 9 must be applied in concert with the directives of Civ.R. 8 that the complaint shall contain a "short and plain statement of the claim." F J Roofing Co. v. McGinley Sons, Inc. (1987),35 Ohio App.3d 16, 17, quoting Civ.R. 8. This approach looks at the "nature and facts of the case and the circumstances of the parties," and determines whether the complaint sufficiently apprises the defendant of the act of which the plaintiff complains. Id., quoting In re Commonwealth Oil/Tesoro PetroleumCorp. Sec. Litigation (W.D.Tex. 1979), 467 F. Supp. 227, 250. However, this complaint cannot survive even this more liberal construction of Civ.R. 9.
From this complaint it is impossible to determine what specific false statements were allegedly made. It is possible that Bradley is alleging that in 1986, the Bessicks promised to pay him the judgment amount if he would release the lien. However, he does not say that the Bessicks made any promise to pay, only that he released the lien "on reliance" that they would pay. It is also possible that Bradley is alleging that in 1991, the Bessicks made false promises to sell the property in order to pay the amount of the assignment, which may or may not be related to the earlier judgment lien. However, Bradley alleges only that Elmer told Bradley he would "take steps" to list the property for sale. He does not even allege that such "steps" were never taken. The only statements allegedly made by Karol occurred after the 1991 assignment was executed. Furthermore, Bradley does not state what act he took in 1991 in reliance on the misstatements.
Clearly, this complaint does not comport with the requirement of Civ.R. 9(B). One cannot glean from this complaint when the fraud allegedly occurred, the misrepresentation that was made, and, as to allegedly fraudulent actions taken in 1991, Bradley's action taken in reliance on the misrepresentation, the reasonableness of the reliance, or the resultant injury.
We find that Bradley's failure to plead the elements of fraud with particularity "resulted in a defective claim which could not withstand a motion to dismiss per Civ.R. 12(B)(6)." UniversalCoach, 90 Ohio App.3d at 292.
We overrule Bradley's assignments of error and we affirm the trial court's dismissal of his complaint.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________ WILLIAM R. BAIRD FOR THE COURT
WHITMORE, J. CONCURS