JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Timothy J. Pritchard, M.D., appeals from the order of the trial court that granted a Civ.R. 12(B)(6) motion to dismiss his complaint. Defendants-appellees, the law firm Algis Sirvaitis Associates and attorney Egidijus Marcinkevicius, filed the motion on the basis the complaint failed to state a valid cause of action for either malicious prosecution or abuse of process.
 {¶ 2} Appellant presents three assignments of error in which he essentially asserts his claims should be recognized by this court despite the most recent Ohio Supreme Court decision to the contrary because, otherwise, he is deprived of a meaningful constitutional right of redress for injury.
 {¶ 3} This court, however, is unable to credit appellant's assertion. Consequently, the trial court's order is affirmed.
 {¶ 4} Appellant filed his complaint against appellees and Ann Morgan in May 2004. According to the facts presented therein, Morgan had engaged appellees to represent her in a medical malpractice action with respect to the "final illness" of her late husband. The action was filed in February 2001, and named appellant as a defendant, along with several other medical service providers.
 {¶ 5} After appellant notified his medical malpractice insurance carrier of the action, the carrier provided attorneys to aid in his defense. Appellees, however, "took no depositions and engaged in no written discovery" during the pendency of the proceeding; rather, they merely requested of the court continuances with the excuse that they were in the process of determining which of the named defendants were negligent. On August 27, 2001 appellees filed a notice of voluntary dismissal of Morgan's action.
 {¶ 6} Over a year later, on September 6, 2002, appellees refiled pursuant to R.C. 2305.19 Morgan's medical malpractice action; they named the same defendants, including appellant. Once again, appellant notified his insurance carrier of the suit, and, once again, the carrier provided attorneys to aid in his defense.
 {¶ 7} The court which had been reassigned to the case conducted a case management conference and ordered appellees to complete discovery and submit an expert report by April 14, 2003. Appellees, however, failed to conduct any "factual discovery." Thus, rather than respond to the various defendants' motions for summary judgment with respect to Morgan's claims, on May 13, 2003 appellees ultimately filed a second notice of voluntary dismissal of them.
 {¶ 8} Pursuant to Civ.R. 41(A)(1), the second voluntary dismissal of Morgan's claims operated as an adjudication on their merits; this adjudication, therefore, was in appellant's favor. Nevertheless, by that time appellant's insurance carrier already had notified him that, due to its provision of legal representation to him on two separate occasions, his policy would not be renewed.
 {¶ 9} Appellant stated in his complaint that he subsequently was forced to procure new medical malpractice insurance policies at an increased cost of over $60,000 "as a direct and proximate result of" appellees' filing of the Morgan lawsuits. Appellant set forth two causes of action against appellees in his complaint, viz., malicious prosecution and abuse of process.
 {¶ 10} As to his cause of action for malicious prosecution, he stated in relevant part that the appellees instituted both of the Morgan lawsuits against him "without any probable cause to believe [he] was in fact negligent in his care and treatment of [their client's decedent] or that he had violated any standard of medical or surgical care." Furthermore, appellees "knew there was no basis in existing law" for refiling the action without additional information and after more than a year had passed since the first dismissal; therefore, the refiling of the action was "without probable cause and * * * constitutes actual malice and malice implied at law."
 {¶ 11} Appellant stated that as a proximate result of appellees' improper actions, he suffered monetary damage, "damage to his reputation, the forced closure of his practice for one day, lost professional time, and legal fees," which constituted a "seizure of property."
 {¶ 12} As to his second cause of action, appellant asserted that "[t]o the extent the [original Morgan suit] was based upon probable cause to believe he had been negligent," appellees' refiling of the action constituted an abuse of process. He asserted that the refiled claim had no basis in existing law and was done as a "cover-up," to hide appellees' own legal malpractice and to mislead their client. Thus, "if" the refiled lawsuit was instituted in proper form and with probable cause, it was "perverted by [appellees] to cover-up their own negligence" and caused him to suffer damages as a result.
 {¶ 13} Appellant asserted he had a constitutional right to redress of the injuries appellees caused to him in "his property, person, and reputation pursuant to Article I, Section 16 of the Ohio Constitution."
 {¶ 14} Appellees responded to appellant's complaint with a Civ.R. 12(B)(6) motion to dismiss. They argued that he failed to state essential elements of his claims. Most notably, with respect to his claim for malicious prosecution, his complaint was deficient on the element of "seizure of property." Moreover, with respect to his claim for abuse of process, his complaint failed to allege the Morgan suits were based upon probable cause with the intent to accomplish an ulterior purpose.
 {¶ 15} Although appellant filed an opposition brief, the trial court granted appellees' motion. When the trial court ultimately issued its final order in this case, appellant filed a timely appeal.
 {¶ 16} Appellant presents the following assignments of error:
 {¶ 17} "I. The lower court erred to the prejudice of Appellant by dismissing his claim for malicious prosecution pursuant to Civ.R. 12(B)(6).
 {¶ 18} "II. The lower court erred to the prejudice of Appellant by dismissing his claim for abuse of process pursuant to Civ.R. 12(B)(6).
 {¶ 19} "III. The lower court erred to the prejudice of Appellant by dismissing his Complaint pursuant to Civ.R. 12(B)(6) and violated Appellant's fundamental constitutional right to seek redress in a court of law for injury to his person, property and reputation under Section 16, Article I of the Ohio Constitution because the Complaint clearly states claims for injury to Appellant's person, property and reputation caused by Appellees' unlawful conduct."
 {¶ 20} In these assignments of error, appellant argues the allegations set forth in his complaint were sufficient to withstand a Civ.R. 12(B)(6) motion for dismissal. Otherwise, he contends, his rights as guaranteed under the Ohio Constitution are violated. This court is constrained to disagree.
 {¶ 21} In order for a trial court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts entitling it to recovery from the defendants. O'Brien v.University Community Tenant's Union (1975), 42 Ohio St.2d 242. As a matter of law, the trial court must accept all the allegations of the complaint as true. Greeley v. Miami ValleyMaintenance Contrs., Inc. (1990), 49 Ohio St.3d 228. The allegations must be examined to determine if they support any basis for recovery, even on legal theories not specifically mentioned. Rogers v. Targot Telemarketing Services (1990),70 Ohio App.3d 689. However, plaintiff must set forth in his pleadings the necessary elements of his claim against the defendants. See, e.g., Zuber v. Ohio Dept. of Insurance (1986),34 Ohio App.3d 42; Kordi v. Minot (1987), 40 Ohio App.3d 1.
 {¶ 22} The Ohio Supreme Court has set forth the elements of a cause of action for malicious prosecution as follows: 1) malicious institution of prior proceedings against the plaintiff by the defendant; 2) lack of probable cause for the filing of the prior lawsuit; 3) termination of the prior proceedings in plaintiff's favor; and, 4) seizure of the plaintiff's person or property during the course of the prior proceedings. Robb v.Chagrin Lagoons Yacht Club, Inc., 75 Ohio St.3d 264,1996-Ohio-189, syllabus.
 {¶ 23} Appellant eloquently argues in his brief to this court that under long-standing common law tradition the injuries he alleged in his complaint met the fourth requirement. Although this court is sympathetic to appellant's position, nevertheless, it remains bound by decisions of the Ohio Supreme Court, and that court has not agreed with appellant's position. Rep.R. 1(B)(1) and 1(C).
 {¶ 24} In Robb, the supreme court explained that although the "seizure requirement" previously had become "blurred," since criminal malicious prosecution cases presented problems distinct from those presented in civil malicious prosecution cases, "the interests of justice and judicial economy are best served by continuing to require the element of seizure of property in malicious civil prosecution cases." The Ohio Supreme Court thus left "to our Rules of Civil Procedure, or the General Assembly, the method with which to deal with meritless civil claims."
 {¶ 25} On the basis of its analysis of previous decisions, the court held: "A cause of action for malicious civil prosecution will lie only in cases where there is a prejudgment
seizure of property, i.e., where there essentially has been ajudgment against, and a concomitant injury suffered by, a defendant before he has had a chance to defend himself." Id. at 270 (emphasis added.)
 {¶ 26} Since appellant's complaint was deficient in the foregoing regard, the trial court properly dismissed his first cause of action. Ahlbeck v. Joelson (Aug. 8, 1997), Lucas App. No. L-96-413. Accordingly, appellant's first assignment of error is overruled.
 {¶ 27} Appellant next argues that his complaint sufficiently stated a cause of action for abuse of process. Once again, his argument cannot be credited.
 {¶ 28} In order to establish a claim for abuse of process, appellant was required to satisfy the following elements: 1) a legal proceeding was set in motion against him in proper form and with probable cause; 2) the proceeding was perverted by the plaintiff to attempt to accomplish an ulterior purpose against the defendant for which it was not designed; and 3) direct damage resulted to appellant from the wrongful use of process. Robb,
supra, at 270, citing Yaklevich v. Kemp, Schaeffer and Rowe Co.,L.P.A. (1994), 68 Ohio St.3d 294, 298.
 {¶ 29} The supreme court distinguished "abuse of process" from "malicious civil prosecution" by explaining "the former connotes the use of process properly initiated for improper
purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning."Robb, supra, quoting Clermont Environmental Reclamation Co. v.Hancock (1984), 16 Ohio App.3d 9, 11. Clearly, the lawsuit, therefore, might be successful, but the plaintiff's purpose is to use it against the defendant as "a form of coercion to obtain a collateral advantage," by the use of the lawsuit as a "threat or a club."
 {¶ 30} Appellant argues Civ.R. 12(B)(6) requires the allegations of his complaint as to this cause of action to be considered separately from those set forth in his first cause of action. Thus, in spite of the frequency with which he states that appellees lacked any "probable cause" to initiate either of the Morgan lawsuits against him, he contends that the equivocation he demonstrated on that point in setting forth his second cause of action saves it from dismissal.
 {¶ 31} The appellant in Ahlbeck v. Joelson, supra, made a similar argument. It will be met with a similar result. Assume arguendo appellant's allegations as set forth met the first requirement which would support a claim for abuse of process, a review of them nevertheless demonstrates he failed to set forth facts which would support the second and third requirements for a claim of abuse of process.
 {¶ 32} Logically, since the tort is personal to the plaintiff, the defendant's motive in instituting the original process must be to either improperly influence or threaten theplaintiff. Wolf v. Little (Apr. 27, 2001), Montgomery App. No. 18718. In this case, although appellant claimed appellee's purpose was improper, he alleged their "improper" purpose was notdirected at him.
 {¶ 33} Instead, he alleged appellees refiled the Morgan lawsuit in order to mislead their client, and that, as anindirect result of their improper purpose, he suffered injury. This was insufficient; therefore, the trial court also correctly granted appellees' motion to dismiss appellant's abuse of process claim. Gunaris v. Holiday Lakes Property Owners' Assoc., Inc.
(Feb. 12, 1999), Huron App. No. H-98-032.
 {¶ 34} Appellant's second assignment of error, accordingly, also is overruled.
 {¶ 35} Appellant argues in his third assignment of error that the dismissal of his complaint violates his constitutional right to a remedy for injury done to him. Unfortunately, the Ohio Supreme Court does not agree. It advised on this point that there exist "opportunities already built into the civil system to deal with a meritless lawsuit within that same lawsuit, rather than instituting another suit." Robb, supra at 270. Otherwise, every successful defendant would be tempted to file either a malicious prosecution or an abuse of process claim.
 {¶ 36} The trial court, therefore, also properly dismissed his complaint on this ground. Ahlbeck v. Joelson, supra.
 {¶ 37} Accordingly, appellant's third assignment of error also is overruled.
Affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Kilbane, J. concur.