[Cite as *Sizemore v. Esis, Inc.*, 2012-Ohio-4004.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
| --- | --- |
| DR. TERRIE SIZEMORE RN DVM | C.A. No. 11CA0107-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ESIS, INC. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee | CASE No. 10 CIV 1622 |

DECISION AND JOURNAL ENTRY

Dated: September 4, 2012

WHITMORE, Presiding Judge.

{¶1} Plaintiff-Appellant, Dr. Terrie Sizemore, appeals from the judgment of the Medina County Court of Common Pleas granting Defendant-Appellee, ESIS, Inc.'s ("ESIS"), motion to dismiss. This Court affirms.

I

{¶2} In 2008, Sizemore was involved in an accident while driving a Chevrolet Silverado. The airbag did not deploy and Sizemore evidently contacted General Motors ("GM") about a possible product defect. ESIS, the company responsible for handling product liability claims against GM, conducted an investigation. As a result, John Sprague, an ESIS Field Performance Assessment Engineer, compiled a report.

{¶3} According to Sprague's report, Sizemore was involved in a single car accident when she lost control after hitting a patch of ice. Her car "slid off the left side of the roadway, went through a ditch, and struck a utility pole with the right side of the vehicle." Sizemore

suffered a "large cut to the forehead." According to Sprague, Sizemore admitted to not wearing a seatbelt at the time of the accident. Sprague noted that because the accident involved was "not a full frontal rigid barrier impact," the airbag did not deploy. Sprague concluded that there was no defect in the airbag system and GM denied Sizemore's claim.

{¶4}   Subsequently, Sizemore filed a products liability lawsuit (09CIV1748) against GM, Norris Chevrolet, and ESIS. GM was in the midst of bankruptcy and was voluntarily dismissed. The court granted ESIS's motion to dismiss for failure to state a claim and, because Norris was not properly served, the case was dismissed. Sizemore then filed an Action for Discovery (09CIV2471) against GM, which she voluntarily dismissed.

{¶5}   In January 2010, Sizemore filed another products liability action (10CIV0102) against GM and several John Does. The case was dismissed with prejudice and is currently on appeal in this Court.

{¶6}   In August 2010, Sizemore filed an Action for Discovery (10CIV1622) against ESIS, alleging she needed facts to support claims of fraud and negligence. Essentially, Sizemore argued ESIS withheld information she needed to support her products liability claim, or that ESIS produced documents with false information. The court granted ESIS's motion to dismiss, and Sizemore now appeals listing one long assignment of error for our review. To facilitate the analysis, we break her assignment of error into six separate issues.

II

Assignment of Error, Issue Number One

THE TRIAL COURT ERRED IN DISMISSING PETITIONER-APPELLANT'S
ACTION FOR DISCOVERY.

Assignment of Error, Issue Number Four

THE TRIAL COURT ERRED IN DISMISSING PETITIONER-APPELLANT'S ACTION FOR DISCOVERY BY CONFIRMING FACTS THAT DR. SIZEMORE STATED SHE WAS NOT "FILING THIS ACTION FOR DISCOVERY TO DETERMINE A 'CAUSE OF ACTION,'" BUT THE TRIAL COURT FAILED TO PROVIDE ANY LEGAL JUSTIFICATION FOR IGNORING HER VALID AND LEGAL REASONS *FOR* FILING THIS LEGALLY EXECUTED ACTION FOR DISCOVERY.

Assignment of Error, Issue Number Five

THE TRIAL COURT ERRED IN DISMISSING PETITIONER-APPELLANT'S ACTION FOR DISCOVERY BASED ON REASONS NOT FOUNDED IN LAW. TO CLARIFY, THE TRIAL COURT FINDS "FAULT WITH THE QUESTIONS THEMSELVES," HOWEVER, FAILS TO PROVIDE A LEGAL BASIS FOR DEFEATING THIS ACTION FOR DISCOVERY BASED ON THE COURT "NOT LIKING THE QUESTIONS." THE PLAIN WORDS OF ORC 2317.48, ONLY REQUIRE A PETITIONER HAVE A "CAUSE OF ACTION." THE TRIAL COURT HAS PROVIDED NO LEGAL BASIS FOR DEFEATING THE ACTION FOR DISCOVERY BASED ON A CLAIM THE QUESTIONS ARE NOT "APPROPRIATE." PETITIONER-APPELLANT, DR. SIZEMORE CONTENDS THE APPEARANCE OF ESIS INC AND THEIR COUNSEL MERELY ATTEMPTING TO EVADE THE LEGALLY PERMITTED QUESTIONS DEPRIVES HER OF EQUAL PROTECTION, FUNDAMENTAL FAIRNESS, DUE PROCESS, RIGHT TO PETITION GOVERNMENT FOR THE REDRESS OF GRIEVANCES, TRIAL BY JURY AND OTHER FEDERALLY PROTECTED RIGHTS. SHE CONTENDS THIS EVASION CONFIRMS WRONGDOING OF THE PART OF THE ADVERSE PARTY, ESIS INC. AND POSSIBLY GM. (Sic.)

{¶7} In what we have determined to be the first, fourth, and fifth issues raised in her assignment of error, Sizemore essentially argues that the court erred by finding she had not met the requirements to maintain her Action for Discovery and by dismissing her case. We disagree.

{¶8} Discovery orders are generally reviewed for an abuse of discretion. *See State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, ¶ 9. However, the question of whether the plaintiff has met the requirements for an Action for Discovery is a question of law. *See Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶ 13 (applying de novo standard of review to a discovery order because

the question of whether information sought was confidential and privileged is a question of law).
When reviewing questions of law, we apply a de novo standard of review. *See id. See also Cruz v. Kettering Health Network*, 2d Dist. No. 24465, 2012-Ohio-24, ¶ 21-22. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Baumeister*, 9th Dist. No. 23805, 2008-Ohio-110, ¶ 4, citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993).

{¶9} Civ.R. 34(D) and R.C. 2317.48 afford a potential plaintiff with a means of obtaining facts required for pleading by providing a means of discovery prior to the filing of a lawsuit. However, this action of discovery "occupies a small niche between an unacceptable 'fishing expedition' and a short and plain statement of a complaint * * * filed pursuant to the Civil Rules." *Poulos v. Parker Sweeper Co.*, 44 Ohio St.3d 124, 127 (1989).

{¶10} R.C. 2317.48, in part, provides:

> When a person claiming to have a cause of action * * *, without the discovery of a fact from the adverse party, is unable to file his complaint * * *, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought.

{¶11} The complaint for discovery must "aver sufficient facts to reveal a 'potential cause of action.'" *Bridgestone/Firestone, Inc. v. Hankook Tire Mfg. Co., Inc.*, 116 Ohio App.3d 228, 232 (9th Dist.1996); Civ.R. 34(D)(1)(a). Further, the discovery requested must be narrowly tailored to the specific facts necessary for pleading. *Bridgestone/Firestone, Inc.* at 232. *Accord Colegate v. Lohbeck*, 78 Ohio App.3d 727, 730 (1st Dist.1992).

> A complaint for fraud must include five elements: (1) a false representation [or failure to disclose a fact when one has a duty to do so]; (2) knowledge by the person making the representation that it is false; (3) intent by the person making the representation to induce the other to rely on the representation; (4) rightful reliance by the other to his detriment; and (5) an injury as a result of the reliance.

*Korodi v. Minot*, 40 Ohio App.3d 1, 3 (10th Dist.1987). In *Korodi*, the court noted three requirements that must be met in order for a complaint sounding in fraud to state a cause of action: (1) the plaintiff must specify the alleged false statement; (2) the complaint must state the time and place the statement was made; and (3) the plaintiff must identify the defendant who made the statement. *Id.* at 4.

*Johnson's Janitorial Serv. v. Alltel Corp.*, 92 Ohio App.3d 327, 329 (9th Dist.1993). Of course, a complaint for discovery cannot contain the level of detail required to support a complaint for fraud. An action for discovery by its very nature is seeking some additional facts required by the pleadings. However, a complaint for discovery must provide enough facts to support a potential cause of action. *Bridgestone/Firestone, Inc.* at 232; Civ.R. 34(D)(1)(a).

{¶12} After reviewing the record, we conclude Sizemore has not averred sufficient facts to reveal even a potential cause of action for fraud. Sizemore makes no mention of her basis for believing she has a valid fraud claim. She merely "states her allegations revolve around ESIS Inc. providing fraudulent material to the Ohio Attorney General's office as well as being negligent in their duties to do so as well as identify if any other party is joined in this allegation." There is no mention of what information Sizemore believes to be fraudulent, or why she believes she would have standing to bring a claim for allegedly fraudulent material being provided to the Attorney General's office. It is unclear what duty Sizemore feels ESIS has been negligent in performing, or why ESIS would have to identify another party to an action that has not been filed.

{¶13} The trial court found the interrogatories were all "directed toward obtaining information in furtherance of the underlying Products Liability and/or Negligence claims joined in the previous case or cases." Having concluded the discovery sought did not support her underlying claim of fraud, the court dismissed her action for discovery. However, because Sizemore has failed to explain any basis for her allegations of fraud, we are unable to determine

whether the interrogatories were narrowly tailored to the specific facts necessary for pleading her claim of fraud. *See Bridgestone/Firestone, Inc.*, 116 Ohio App.3d at 232; *Colegate*, 78 Ohio App.3d at 730.

{¶14} Because Sizemore's Action for Discovery did not state a potential cause of action, it was properly dismissed by the trial court. *See Bridgestone/Firestone* at 232. Accordingly, her assignment of error, as it relates to her first, fourth, and fifth issues, is overruled.

Assignment of Error, Issue Number Six

> THE TRIAL COURT ERRED IN DISMISSING THIS ACTION FOR DISCOVERY PROVIDING VEILED THREATS TO THIS PETITIONER-APPELLANT REGARDING IMPROPER SANCTIONS AGAINST HER FOR ASSERTING HER FEDERALLY PROTECTED RIGHTS TO LITIGATE. ALSO, SHE ALLEGES THE COURT HAS VIOLATED HER EQUAL PROTECTION RIGHTS BY IGNORING WHAT SHE CONTENDS HAS BEEN MISCONDUCT BY ESIS INC.'S ATTORNEY AND THREATENING HER IMPROPERLY.

{¶15} In her sixth issue, Sizemore argues that the court's dismissal of her Action for Discovery is a denial of her right to litigate. She further argues the court violated her constitutional rights by ignoring alleged misconduct by opposing counsel. We disagree.

{¶16} The crux of Sizemore's first argument appears to be that "[t]he Florida Constitution * * * mandatorily requires the courts to afford a remedy, by due course of law, to every person for any injury done to him." Presumably, Sizemore is referring to Article 1, Section 16 of the Ohio Constitution, which states that "[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Sizemore reads the section of the Constitution too broadly.

{¶17} "Despite the paramount importance placed on the ability to access the courts for redress of injuries, the right is not absolute." *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-

Ohio-6442, ¶ 11. For example, "[l]itigants may find their claims barred by a reasonable statute of limitations, stayed by lawful injunction, [or] dismissed by summary judgment * * *." *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 132 (1988). In addition, a lawsuit may be dismissed if the minimum requirements for maintaining the claim are not met. *See Bland v. Ajax Magnethermic Corp.*, 8th Dist. No. 95249, 2011-Ohio-1247, ¶ 37-44. This does not deny the claimant access to the courts in violation of his or her Constitutional rights. *See id*. Sizemore has not met the requirements necessary to sustain an Action for Discovery and the dismissal of her complaint does not violate her Constitutional rights.

{¶18} Sizemore has not developed her second argument regarding alleged misconduct by opposing counsel. While the record does indicate Sizemore disagreed with counsel's arguments and opposed his various motions, there is no evidence of misconduct. However, because Sizemore has not properly developed this argument, we decline to address it. *See id*.; App.R. 16(A)(7). This Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, * 8 (May 6, 1998). Sizemore's assignment of error, as it relates to her sixth issue, is overruled.

<u>Assignment of Error, Issue Number Two</u>

THE TRIAL COURT FAILED TO STATE ANY LEGALLY BASED REASON A "MOTION TO DISMISS IS WELL-TAKEN…IS THE PROPER PLEADING BY WHICH A DEFENDANT CHALLENGES A PETITION FOR DISCOVERY." THIS FAILURE TO PROVIDE A LEGAL BASIS TO DISMISS DEPRIVES THIS PETITIONER-APPELLANT OF HER FEDERALLY PROTECTED RIGHTS TO EQUAL PROTECTION UNDER THE LAW AND DUE PROCESS OF LAW BECAUSE SHE IS NOT ABLE TO FOCUS THIS APPELLATE ARGUMENT ON ANY LEGAL BASIS FOR THIS DISMISSAL.

Assignment of Error, Issue Number Three

THE TRIAL COURT ERRED IN DISMISSING PETITIONER-APPELLANT'S ACTION FOR DISCOVERY BY NOT ADDRESSING THE ISSUE OF THE "COURT REQUESTED DEFENDANT FILE AN ADDITIONAL MOTION FOR SUMMARY JUDGMENT…IS MOOT."

**{¶19}** In what we have determined to be the second and third issues raised in her assignment of error, Sizemore argues that the court's order of dismissal is somehow defective or deficient. We disagree.

**{¶20}** Sizemore does not properly develop either of these arguments nor does she cite to any authority. We, therefore, decline to address them. *See* App.R. 16(A)(7); *Cardone* at * 8. Sizemore's assignment of error, as it relates to her second and third issues, is overruled.

III

**{¶21}** Sizemore's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

DR. TERRI SIZEMORE, RN, DVM, pro se, Appellant.

JAMES M. POPSON, Attorney at Law, for Appellee.