SZYDLOWSKI et al., Appellants,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.

[Cite as *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App.3d 303.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1258.

Decided April 21, 1992.

**304**

---

*Paul Scott Co., L.P.A., Paul Scott* and *Harry R. Reinhart;  Clark, Perdue & Roberts Co., L.P.A.,* and *Scott Roberts,* for appellants.

*Lee Fisher,* Attorney General;  *Berry & Shoemaker, John F. Berry, Kevin Shoemaker* and *D. Lewis Clark, Jr.,* Special Counsel, for appellee.

---

WHITESIDE, Judge.

Plaintiffs, Debra Szydlowski and Teresa Gould, appeal from a judgment of the Ohio Court of Claims and raise three assignments of error as follows:

"I.   The trial court erred to plaintiffs' prejudice by ruling that a psychological aide employed by the defendant to provide psychological counseling services could not have been acting within the scope of his employment when he engaged in sexual conduct with the plaintiffs while also finding that the sexual conduct foreseeably arose from the discharge of job related duties.

"II.   The trial court erred to plaintiffs' prejudice by dismissing their claim under 42 U.S.C. § 1983 in spite of the fact that the complaint requested injunctive relief to prevent future violations of their civil rights.

"III.   The trial court erred to plaintiffs' prejudice by ruling that it did not have authority to award attorney fees pursuant to 42 U.S.C. § 1983, et seq."

Plaintiffs, who are inmates at the Ohio Reformatory for Women, brought this action seeking damages from the state because of alleged sexual abuse by a psychological aide employed by the state to provide psychological counseling services to inmates.  The case proceeded to trial before the Court

of Claims, which rendered a decision finding that the psychological aide in question acted outside the scope of his employment by the state in committing such acts if he, in fact, committed them, the Court of Claims finding it unnecessary to determine whether the wrongful conduct was committed by the psychological aide.

In its opinion, the Court of Claims stated that plaintiff Szydlowski testified that the psychological aide "kissed her, hugged her, and caused her to perform fellatio on him," and that plaintiff Gould testified that the psychological aide "kissed her, hugged her, caressed her, and attempted to have intercourse with her." Although there were other plaintiffs who made similar allegations with respect to the psychological aide, all but three dismissed their claims before trial, and the third plaintiff who proceeded to trial has not appealed. Later in its decision, the trial court expressly found that the psychological aide "was acting outside the scope of his employment when these acts occurred if, in fact, they did occur."

By their first assignment of error, plaintiffs contend that the trial court erred in finding the psychological aide acted outside the scope of his employment. In this regard, we are unable to distinguish this case from *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584, even though that case was determined upon the pleadings. *Byrd* involved a church which employed a pastor who provided the plaintiff therein with counseling for marital and personal problems. During the course of this counseling, the pastor allegedly forced the female plaintiff to engage in sexual activity with him. The Supreme Court held that the pastor acted outside the scope of his employment, even though counseling was within the scope. The Supreme Court pointed out that an employer is liable in tort for the conduct of its employee only if the conduct is committed within the scope of employment and that, if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business for which the employee was employed or at least be calculated to do so, citing *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App.3d 154, 21 OBR 165, 486 N.E.2d 1249. As pointed out in *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E.2d 564, an intentional and willful tort committed by an employee for his own personal purposes constitutes a departure from his employment, so that the employer is not responsible. The fact that the conduct constituting the tort was committed while the employee was on duty and supposedly performing services for his employer does not render the employer liable where the employee deviated or departed from his employer's business to engage upon a matter for his own personal purposes without

benefit to the employer. See, also, *Schulman v. Cleveland* (1972), 30 Ohio St.2d 196, 59 O.O.2d 196, 283 N.E.2d 175.

While recognizing the limitations of *Byrd*, plaintiffs contend that the psychological aide should have been found to have been within the scope of his employment when he engaged in the alleged sexual conduct with the plaintiffs because the Court of Claims found that such conduct was reasonably foreseeable. The trial court found to the effect that the psychological aide's conduct constituted independent, self-serving pursuits unrelated to the operation of the reformatory. In other words, if he performed the acts, he acted solely for his personal benefit, rather than performed services for the state. Although the reasonable foreseeable test was mentioned in *Byrd*, 57 Ohio St.3d at 59, 565 N.E.2d at 587, the Supreme Court stated at 61, 565 N.E.2d at 590, that, in order to establish negligent hiring by a religious institution, "[t]he plaintiff must plead facts which indicate that the individual hired has a past history of criminal, tortious, or otherwise dangerous conduct" concerning which the employing institution either knew or could have discovered with reasonable investigation. Although *Byrd* involved a religious institution, there is no reason to apply a lesser standard to a claim against the state for the conduct of a psychological aide employed at a reformatory. Like the church, the state does not promote or advocate sexual conduct, much less nonconsensual sexual conduct, between its employees and inmates at penal institutions, nor did it hire the psychological aide to engage in any type of sexual contact or conduct with female inmates of the reformatory.

The Court of Claims did state in its opinion that "[t]his court has little problem accepting plaintiff's counsel's contention that these acts were foreseeable," but this statement was in juxtaposition to the trial court's comment that it questioned "the policy of ODRC, which allows certain male employees to associate with female inmates in relative private circumstances." In addition, the Court of Claims specifically found not only that the alleged acts were manifestly outside the scope of the psychological aide's employment but that they were committed wantonly and recklessly and that the psychological aide is not entitled to personal immunity under R.C. 9.86 but is subject to an action against him personally in a court of common pleas.

Essentially, plaintiffs urge this court to place a higher duty upon the state with respect to male employees employed to work at a reformatory for women and to have relatively private unsupervised contact with such women inmates than is imposed upon private employers under similar circumstances. We find no basis for imposing such a higher duty upon the state but find the principle of *Byrd, supra,* applicable. The first assignment of error is not well taken.

The second and third assignments of error raise essentially the same issue, namely, plaintiffs' contention that the Court of Claims has jurisdiction under Section 1983, Title 42, U.S.Code both to grant injunctive relief and to award attorney fees. Plaintiffs concede that their contentions are inconsistent with the decision of this court in *Burkey v. S. Ohio Correctional Facility* (1988), 38 Ohio App.3d 170, 528 N.E.2d 607, but urged that we overrule that decision and find in their favor. We find that *Burkey* was correctly decided, and there is no reason to deviate from its holding. The issue is not whether plaintiffs may bring a Section 1983 action for recovery but, rather, whether such action may be asserted directly against the state, as opposed to an action asserted against a state officer so as to prevent his or her acting illegally under the color of his or her office, which action is not an action against the state in the broad sense and is maintainable in a court of common pleas. See *Am. Life & Acc. Ins. Co. v. Jones* (1949), 152 Ohio St. 287, 40 O.O. 326, 89 N.E.2d 301, and *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St.3d 317, 28 OBR 386, 503 N.E.2d 1025.

Plaintiffs rely solely upon Section 1983, Title 42, U.S.Code as the basis and predicate for any injunctive action and, accordingly, we express no opinion herein as to availability of injunctive relief in the Court of Claims if predicated upon a state claim, rather than a federal claim. Nevertheless, we follow *Burkey*, and find neither the second nor third assignment of error to be well taken.

For the foregoing reasons, all three assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, P.J., and TYACK, J., concur.