OPINION
This appeal is taken by plaintiffs-appellants Cindy Bishop ("Bishop") and Connie Zeller ("Zeller") from the judgment of the Common Pleas Court of Defiance County granting summary judgment in favor of defendants- appellees Donald K. Miller ("Donald"), Rebekah Miller ("Rebekah"), and the Word of Life Church ("Church") and dismissing the complaints.
While Donald was the pastor of the Church, Appellants were congregation members who entered mandatory counseling with Donald as a requirement of membership in the church. During the counseling session, Donald entered into sexual relations with Appellants as well as other women. Donald was convicted for these actions in l993 on eleven counts of sexual battery.
On July 11, 1994, Bishop filed her complaint. The complaint alleged that Donald had breached his fiduciary duty by his behavior, intentionally inflicted emotional distress, and committed clergy malpractice. The complaint further alleged that Donald and Rebekah committed fraud by implying that money donated to the Church would be used for Church purposes, but instead used the money for their personal expenses. Finally, Bishop alleges that the Church was negligent in its supervision of Donald.
On September 2, 1994, Zeller filed her complaint. The complaint alleged that Donald had intentionally caused her emotional distress by using the mandatory counseling sessions to sexually abuse her, had sexually battered her by forcing her into a sexual relationship through mental coercion, and had breached his fiduciary duty as a counselor and clergyman. Further, Zeller claimed that Donald and Rebekah committed fraud by using money donated to the church for their personal expenses and that they have attempted to defraud creditors by concealing assets. Zeller also alleged that the Church negligently supervised Donald.
On July 1, 1997, the appellees filed a motion for summary judgment in both cases. Appellants filed a consolidated motion contra the motion for summary judgment on September 15, 1997. On October 10, 1997, the trial court granted Bishop's and Zeller's motions to consolidate and a trial date was set for December 1, 1997. On October 31, 1997, the trial court entered summary judgment in favor of appellees on all counts and dismissed appellants' claims. Although the individual claims of appellants were not identical, pursuant to appellants' requests the trial court treated all counts as if filed by both Bishop and Zeller.
 Bishop and Zeller allege the following assignments of error.
 The trial court erred in granting summary judgment on appellants' claims of intentional infliction of emotional distress and breach of fiduciary duty.
 The trial court erred in dismissing both appellants' claims for negligent supervision where such claims survive any failure of any action against Donald, and further where such claims are subject to the two-year statute of limitations.
 The trial court erred in granting summary judgment on both appellants' claims of fraud.
 The trial court erred in granting summary judgment on both appellants' claims of defrauding of creditors.
 The trial court erred in failing to extend the "discovery rule" to both appellants' claims of sexual battery and clergy malpractice.
When reviewing the ruling on a motion for summary judgment, an appellate court reviews the judgment independently. MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6,536 N.E.2d 411. Civ.R. 56(C) sets forth the standard for granting summary judgment. Summary judgment is appropriate when the following have been established: 1) that there is no genuine issue as to any material fact; 2) that the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881.
For this court to have the authority to review the assignments of error, the appeal must originate from a final, appealable order. "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment . . . is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." R.C. 2505.02.
 Hence, it is clear that a summary judgment based other than on lack of jurisdiction or failure to join a party under Rule 19 or 19.1 constitutes a judgment on the merits, unless the court, in its order for dismissal, otherwise specifies. Otherwise a summary judgment, so long as it stands unreversed, represents a final determination of the rights of the parties for the claim involved.
Fleming v. American Capital Corp. (1976), 1 O.O.3d 265, 266. Here, the trial court reviewed the evidence before it and granted summary judgment to appellees on the claims raised by appellants. The trial court then stated in its judgment that the claims were dismissed "without prejudice." Although the trial court did not otherwise specify that judgment was other than on the merits, the language of the trial court finding the judgment to be "without prejudice" is inconsistent with the finality of the judgment. However, the judgment was final because it determined the outcome of the case and there are no parties' claims unresolved upon which judgment was not entered.
Appellants' first assignment of error argues that the trial court erred by applying the one-year statute of limitations to the breach of fiduciary duty and the intentional infliction of emotional distress claims. Appellants argue that the claim is not based upon the sexual battery, but upon Donald's conduct as a whole, the totality of which constituted intentional infliction of emotional distress, subject to a four-year statute of limitations.
 [I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial.
Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183,465 N.E.2d 1298, 1302. "Where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence." Love v. Port Clinton (1988),37 Ohio St.3d 98, 524 N.E.2d 166. "[A] cause of action premised upon acts of sexual abuse is subject to the one-year statute of limitations for assault and battery." Doe v. First UnitedMethodist Church (1994), 68 Ohio St.3d 531, 537, 629 N.E.2d 402,407.
In this case, the tenets of the Church isolated congregation members from nonmembers, forbid the female members to cut their hair, forbid members to drink Diet Coke, required members to send their children to the church school, and required members to give considerable amounts of money to the church. In addition, Donald sexually battered the appellants. The tenets of the Church were required of all congregation members, not just the appellants, and are thus protected by the First Amendment. The sexual battery was not a belief of the church and is not protected conduct. Since the sexual battery is the only conduct appellants are not required to accept as doctrine of the Church, it is the ground for the claim. Sexual battery is governed by a one-year statute of limitations, so appellants' claims are barred. Appellants' first assignment of error is overruled.
Appellants' second assignment of error asserts that the trial court erroneously dismissed the negligent supervision claim.
 [I]n order for an employer to be liable under the doctrine of respondeat superior, the tort of the employee must be committed within the scope of employment. Moreover, where the tort is intentional, as in the case at bar, the behavior giving rise to the tort must be "calculated to facilitate or promote the business for which the servant was employed * * *." Little Miami RR. Co. v. Wetmore (1869), 19 Ohio St. 110, 132.
Byrd v. Faber (1991), 57 Ohio St.3d 56, 58, 565 N.E.2d 584.
 [A]n intentional and willful tort committed by an employee for his own personal purposes constitutes a departure from his employment, so that the employer is not responsible. The fact that the conduct constituting the tort was committed while the employee was on duty and supposedly performing services for his employer does not render the employer liable where the employee deviated or departed from his employer's business to engage upon a matter for his own personal purposes without benefit to the employer.
Szydlowski v. Ohio Dept. of Rehab. Corr. (1992), 79 Ohio App.3d 303,305-306, 607 N.E.2d 103, 105.
Here, appellants argue that the Church is liable for negligently supervising Donald. However, Donald's sexual battery of appellants was not within the scope of his employment. No claim is made that the non-consensual sexual contact is an approved counseling method, nor do appellants claim that the Church hired Donald to sexually abuse them. Appellants agree that Donald deviated from his role as counselor and was acting for his own personal purposes with no benefit to his employer. Thus, his actions may not be said to be within the scope of his employment. Further, "an underlying requirement in actions for negligent supervision and negligent training is that the employee is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer." Strock v. Pressnell (1988), 38 Ohio St.3d 207, 217,527 N.E.2d 1235, 1244. Since appellants cannot maintain a cause of action against Donald for sexual battery, they cannot maintain one against the Church. Id. Appellants' second assignment of error is overruled.
The third assignment of error argues that the trial court erroneously dismissed the fraud claim. In order to recover on a claim of fraud, Bishop and Zeller must prove the following elements: 1) a false representation; 2) knowledge by the person making the representation that it is false; 3) the intent by the person making the representation to induce others to rely on it; 4) reliance; and 5) injury resulting from that reliance. Korodiv. Minot (1987), 40 Ohio App.3d 1, 531 N.E.2d 318. Here, appellants point to numerous financial transactions shown by the church ledger to support their allegation of fraud. However, neither Bishop nor Zeller have produced any evidence of any instance when either gave Donald money for one purpose and it was used for another. Appellants were not individually injured since they have not shown that they would not have given money to the Church if they had known how Donald would use it. All the ledger shows is Donald may have used Church funds for his personal benefit. Therefore, appellants' third assignment of error is overruled.
Bishop and Zeller's fourth assignment of error is that the trial court erroneously dismissed the claim that Donald and Rebekah defrauded their creditors. The basis for this claim is that Donald transferred the Church's real estate to Rebekah. However, Donald and Rebekah are still married and the real estate transaction was not hidden. In addition, appellants fail to show how they were injured by the transfer since they are not creditors of either. The fourth assignment of error is overruled.
Finally, Bishop and Zeller argue that the trial court should apply a discovery rule to extend the statute of limitations. "The discovery rule generally provides that a cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he or she has been injured by the conduct of the defendant." Ault v. Jasko (1994), 70 Ohio St.3d 114,115-16, 637 N.E.2d 870, 871. The discovery rule is generally applied in sexual abuse cases only where a repression of the memory of the sexual abuse or incompetency of the victim has prevented the victim from filing the claim within the statutory period. However, in such a case, the one-year statute of limitations period begins to run when the victim remembers or discovers what happened. Id.
Here, Bishop and Zeller argue that the discovery rule should apply because they did not discover they were victims until Donald was criminally convicted of sexually battering them. However, appellants do not provide any basis in law for extending the discovery rule to cover these facts. Bishop and Zeller both knew what had happened and participated in the criminal investigation and trial. Thus, there is no reason to toll the statute of limitations until the end of the criminal trial. Appellants' fifth assignment of error is overruled.
The judgments of the Common Pleas Court of Defiance County are affirmed.
Judgments affirmed.
HADLEY and EVANS, JJ., concur.