[Cite as *Dehler v. Trumbull Correctional Inst.*, 2010-Ohio-4027.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAMBERT DEHLER

      Plaintiff

      v.

TRUMBULL CORRECTIONAL INSTITUTION

      Defendant

      Case No. 2009-08390-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

**{¶ 1}** 1)    Plaintiff, Lambert Dehler, an inmate formerly incarcerated at defendant, Trumbull Correctional Institution (TCI), asserted that a TCI employee, Officer Urbania, entered his cell on August 12, 2009 and deliberately destroyed "two new plastic coat hangers." Plaintiff contended that his coat hangers were "deliberately broke" by Officer Urbania and he maintained that defendant should bear responsibility for the damage. Plaintiff filed this complaint seeking to recover $50.00, the stated value of two plastic hangers. Payment of the filing fee was waived.

**{¶ 2}** 2)    Defendant denied liability in this matter contending that plaintiff failed to offer sufficient evidence to establish that his coat hangers were destroyed as a proximate cause of negligence on the part of TCI personnel. Defendant referenced a report from the Assistant Inspector of Institutional Services, Trumbull Correctional Institution, wherein it was determined that "there is no evidence that the coat hangers were broken at the time of the shakedown" search of plaintiff's cell. A copy of this report was not included with defendant's investigation report. Defendant neither admitted nor

denied that TCI staff conducted a shakedown search of plaintiff's cell on August 12, 2009. Defendant argued that plaintiff "provided no proof of ownership or loss at the fault of" TCI staff.

**{¶ 3}** 3) Plaintiff filed a response attaching an affidavit from a fellow inmate, James Butcher, who related that he heard Officer Urbania enter plaintiff's cell on August 12, 2009. Butcher stated that, "I heard him (Officer Urbania) open-up Dehler's locked cell and rummaging through Dehler's personal property and making a lot of noise while both Dehler and his cell-mate were not in the block."

CONCLUSIONS OF LAW

**{¶ 4}** 1) For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 6}** 3) "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

**{¶ 7}** 4) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD,.

**{¶ 8}** 5) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without

fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 9} 6)   Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 7)   Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 8)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} 9)   Plaintiff has failed to show any causal connection between the damage to his coat hangers and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶ 13} 10)   Plaintiff has failed to prove, by a preponderance of the evidence, that his property was damaged as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

{¶ 14} 11)   Further, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564.  The facts of this case, taken in the context of the situation as plaintiff presented, would constitute an intentional tort committed by defendant's employee performed for his own personal purpose.  Following this rationale, plaintiff cannot maintain a cause of action against defendant for the intentional malicious act of its employee.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAMBERT DEHLER

  Plaintiff

  v.

TRUMBULL CORRECTIONAL INSTITUTION

  Defendant

  Case No. 2009-08390-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Lambert Dehler, #273-819
P.O. Box 788
Mansfield, Ohio  44901-0788

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
3/30
Filed 4/23/10
Sent to S.C. reporter 8/26/10