[Cite as *Collins v. Marion Corr. Inst.*, 2011-Ohio-3774.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES COLLINS

    Plaintiff

    v.

MARION CORRECTION INSTITUTION

    Defendant

   Case No. 2010-11544-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} Plaintiff, James Collins, an inmate incarcerated at defendant's Marion Correctional Institution ("MCI"), asserted one CD, one blanket, and several clothing and food items were confiscated from him by MCI employee, Officer Mullins, during the course of a routine search on May 20, 2010. Plaintiff opined that the search of his cell was conducted in an overly aggressive and hostile manner. Plaintiff submitted a copy of a "Conduct Report" issued to him on May 20, 2010, for possession of contraband. It is noted in the "Conduct Report" that plaintiff could not produce a commissary receipt for the food items. Plaintiff related the items were never returned to him despite the fact he had receipts verifying proof of ownership.

{¶ 2} Plaintiff contended MCI staff damaged the blanket during the search and confiscated and subsequently destroyed the remainder of his listed property without proper authority. Consequently, plaintiff filed this complaint seeking to recover $188.32,

the stated replacement cost of his CD, blanket, clothing, and food items. Payment of the filing fee was waived.

{¶ 3} Defendant acknowledged that the listed items (with the exception of the blanket) were seized from plaintiff's possession and declared contraband. Defendant explained plaintiff was not permitted to possess one CD as it was recordable. In addition, defendant contended the clothing items were either altered or exceeded the limit allowed. Finally, defendant asserted plaintiff failed to provide receipts for the food items or the music CDs. According to defendant, plaintiff was found guilty of having contraband with the exception of 8 music CDs and these were returned to him. Defendant argued plaintiff has no right to pursue a claim for confiscated property that he cannot prove he owned.

{¶ 4} Plaintiff filed a response suggesting that he has been targeted by defendant's employees for some unspecified reason and that there is a discernible pattern to this type of behavior. In addition, plaintiff asserted he was never informed he needed to retain each and every receipt and that he should have been allowed to mail out "minor contraband." Plaintiff implied defendant had intentionally removed his receipts from his file. Finally, plaintiff asserted he rightfully owned the seized property and argued he should have been allowed the option to mail out "minor contraband."

CONCLUSIONS OF LAW

{¶ 5} Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent that plaintiff alleges that DRC somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶ 6} The Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of

employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584, citing *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App. 3d 154, 21 OBR 165, 486 N.E. 2d 1249.

{¶ 7} Further, an intentional and willful tort committed by an employee for her own purposes constitutes a departure from the employment, so that the employer is not responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564. The facts of this case, if taken as true, would constitute an intentional tort committed by defendant's employee performed for her own personal purposes. Thus, following the rationale of *Szydlowski*, supra, plaintiff would not have a cause of action against defendant for intentional damage done to his property.

{¶ 8} To the extent that plaintiff alleges claims based upon retaliation, action against the state under Section 1983, Title 42, U.S. Code may not be brought in the Court of Claims because the state is not a "person" within the meaning of Section 1983. See, e.g., *Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598; *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App. 3d 170, 528 N.E. 2d 607; *White v. Chillicothe Correctional Institution* (Dec. 29, 1992), Franklin App. No. 92-AP-1229. Indeed, claims of retaliation are to be treated as an action for alleged violations of constitutional rights under Section 1983, Title 42, U.S. Code. Thus, this court is without jurisdiction to hear those claims.

{¶ 9} This court has previously held that property in an inmate's possession which cannot be validated by proper indicia of ownership is contraband and consequently, no recovery is permitted when such property is confiscated. *Wheaton v. Department of Rehabilitation and Correction* (1988), 88-04899-AD.

{¶ 10} Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD. Defendant cannot be held liable for contraband property that plaintiff has no right to possess. *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071.

{¶ 11} Evidence has shown some confiscated property was altered and consequently was considered impermissible. No recovery can be had for the loss or destruction of impermissible altered property. See *Kemp v. Ohio State Penitentiary*, Ct. of Cl. No. 2006-02587-AD, 2006-Ohio-7247.

{¶ 12} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 13} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 14} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 15} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 16} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions with regard to the damage to his blanket particularly persuasive.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES COLLINS

    Plaintiff

    v.

MARION CORRECTION INSTITUTION

    Defendant

    Case No. 2010-11544-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

James Collins, #530-138
940 Marion-Williamsport Road
Marion, Ohio 43301

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa
3/24

Filed 4/13/11
Sent to S.C. reporter 7/29/11