[Cite as *Brown v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3851.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANK C. BROWN, JR.

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

  Case No. 2010-09221-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} On December 12, 2009, employees of defendant, Department of Rehabilitation and Correction (DRC), conducted a shakedown search at the London Correctional Institution (LoCI), a DRC facility. Plaintiff, Frank C. Brown, Jr., an inmate incarcerated at LoCI, stated that several items of his personal property were thrown away by DRC staff during the course of the shakedown search. Specifically, plaintiff asserted that a dictionary, two cups and a lid, a picture frame, coffee, nail clippers, tweezers, toenail clippers, a legal envelope, salt/pepper shakers, a denture brush, a NCCI copy card, a TV antenna, I.D. clips, personal carry medications and an alarm clock were discarded by DRC personnel.

{¶ 2} Plaintiff contended that defendant had no right or authority to throw away his property items. Consequently, plaintiff filed this complaint seeking to recover $35.00, the stated replacement cost for his discarded property. Payment of the $25.00 filing fee was waived.

**{¶ 3}** Plaintiff submitted a copy of an "Inmate Property Record-Disposition" (inventory) dated November 25, 2009, compiled by North Central Correctional Institution staff incident to plaintiff's transfer to LoCI. Plaintiff asserts that any receipts for his possessions were also discarded during the shakedown search.

**{¶ 4}** Defendant denied liability and contended that plaintiff failed to offer any evidence to prove that his property was discarded by DRC personnel during the December 12, 2009 shakedown search at LoCI. Defendant further asserted plaintiff did not produce any evidence to establish he possessed the alleged discarded property items on December 12, 2009.

**{¶ 5}** Plaintiff filed a response arguing that the shakedown was retaliatory and performed merely for spite and meanness against him.

CONCLUSIONS OF LAW

**{¶ 6}** It has been determined by this court that when a defendant engaged in a shakedown operation, it must exercise ordinary care in doing so. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 8}** Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 9}** Plaintiff has failed to prove a causal connection between the loss of his property and any breach of duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD.

**{¶ 10}** Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 11}** In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any

essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 13} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 14} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. This court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive.

{¶ 15} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was damaged as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

{¶ 16} The Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584, citing *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App. 3d 154, 21 OBR 165, 486 N.E. 2d 1249.

{¶ 17} Further, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303,

607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564. The facts of this case, if taken as true, would constitute an intentional tort committed by defendant's employee performed for his own personal purposes. Thus, following the rationale of *Szydlowski*, plaintiff would not have a cause of action against defendant for intentional damage done to his property.

{¶ 18} To the extent that plaintiff alleges claims based upon retaliation, action against the state under Section 1983, Title 42, U.S. Code may not be brought in the Court of Claims because the state is not a "person" within the meaning of Section 1983. See, e.g., *Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598; *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App. 3d 170, 528 N.E. 2d 607; *White v. Chillicothe Correctional Institution* (Dec. 22, 1992), Franklin App. No. 92-AP-1229. Indeed, claims of retaliation are to be treated as an action for alleged violations of constitutional rights under Section 1983, Title 42, U.S. Code. Thus, this court is without jurisdiction to hear those claims.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FRANK C. BROWN, JR.

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2010-09221-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Frank C. Brown, Jr., #A439-439
1580 State Route 56 SW
P.O. Box 69
London, Ohio 43140-0069

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa
3/9
Filed 4/21/11
Sent to S.C. reporter 8/5/11