[Cite as *Armstrong v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-4796.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

A. D. ARMSTRONG

Plaintiff

v.

DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2011-02654-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} 1) Plaintiff, A. D. Armstrong, an inmate incarcerated at defendant, Lebanon Correctional Institution (LeCI), asserted that a LeCI employee, Corrections Officer (CO) Hinkle, entered his cell on February 9, 2011, and deliberately tore pages from plaintiff's Quran. Plaintiff contended that Hinkle deliberately damaged his Quran as an act of harassment, intimidation and retaliation against plaintiff for his religious views. Plaintiff maintained that defendant should bear responsibility for the damage to the book and for the mental distress he has endured as a result of the actions by Hinkle.[1] Plaintiff filed this complaint seeking to recover $2,500.00. Payment of the filing fee was waived.

{¶2} 2) On February 28, March 4, March 10, March 29, April 8 and April 20, 2011, plaintiff filed additional documentation in support of his allegations. Such

---

[1] Initially, it should be noted that this court does not recognize entitlement to damages for mental distress and extraordinary damages for simple negligence involving property loss. *Galloway v. Department of Rehabilitation and Correction* (1979), 78-0731-AD; *Berke v. Ohio Dept. of Pub. Welfare* (1976), 52 Ohio App. 2d 271, 6 O.O. 3d 280, 369 N.E. 2d 1056. Consequently, plaintiff's claim for

documentation included statements from several inmates housed at LeCI who had witnessed  seemingly random acts of alleged retaliation and intimidation by CO Hinkle and other LeCI staff members on several occasions from July 2010 through April 2011.

{¶3}   3) Defendant denied liability in this matter contending that plaintiff failed to offer sufficient evidence to establish that his Quran was damaged as a proximate result of negligence on the part of LeCI personnel.  Defendant referenced a report from the  Inspector of Institutional Services, Lebanon Correctional Institution, wherein it was determined that CO Hinkle "admits to a planned search of the cell but denies the destruction of Plaintiff's Quran."  A copy of this report was included with defendant's investigation report.  Defendant also pointed out that plaintiff claimed his property was intentionally destroyed by CO Hinkle and consequently, LeCI may generally not bear liability based on the intentional acts of an employee acting outside the scope of his authority.  See *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E.2d 103.

{¶4}   4) Plaintiff filed a response and submitted statements from fellow inmates, Kaufman, Phillips, and Ford, who related that they too had witnessed incidents of property destruction, use of excessive force while subduing other  inmates, and verbal abuse, by CO Hinkle.

## CONCLUSIONS OF LAW

{¶5}   Plaintiff and his fellow inmates have contended defendant's employee, CO Hinkle, engaged in an intentional act when he allegedly damaged plaintiff's property on February 9, 2011.  Defendant has contended the acts alleged on the part of CO Hinkle if proven would constitute an intentional act outside the scope of employment and consequently no responsibility for these intentional acts would rest with LeCI.  In the context to determine if LeCI should bear responsibility for an employee's wrongful act, a finding must be made, based on the facts presented, whether or not the injury causing act was manifestly outside the course and scope of employment. *Elliott v. Ohio Dept. of Rehab. & Corr.* (1994), 92 Ohio App. 3d 772, 775, 637 N.E. 2d 106; *Thomas v. Ohio Dept. of Rehab. & Corr.* (1988), 48 Ohio App. 3d 86, 89,  548 N.E. 2d 991; and *Peppers v. Ohio Dept. of Rehab. & Corr.* (1988), 50 Ohio App. 3d 87, 90, 553 N.E. 2d 1093.  It is only where the acts of state employees are motivated by actual malice or other such

mental distress is DENIED.

reasons giving rise to punitive damages that their conduct may be outside the scope of their state employment. *James H. v. Dept. of Mental Health and Mental Retardation* (1980), 1 Ohio App. 3d 60, 61, 1 OBR 6, 439 N.E. 2d 437. The act must be so divergent that it severs the employer-employee relationship. *Elliott*, at 775 citing *Thomas*, at 89, and *Peppers,* at 90.

{¶6} Malicious purpose encompasses exercising "malice," which can be defined as the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct that is unlawful or unjustified. *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76 Ohio App. 3d 448, 453-454, 602 N.E. 2d 363, citing *Teramano v. Teramano* (1966), 6 Ohio St. 2d 117, 118, 35 O.O. 2d 144, 216 N.E. 2d 375; and *Bush v. Kelly's Inc.* (1969), 18 Ohio St. 2d 89, 47 O.O. 2d 238, 247 N.E. 2d 745.

{¶7} The Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584, citing *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App. 3d 154, 21 OBR 165, 486 N.E. 2d 249.

{¶8} Further, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564. The facts of this case, taken as plaintiff asserted, would constitute an intentional tort committed by defendant's employee performed for his own personal purpose. Following this rationale, plaintiff cannot maintain a cause of action against defendant for the intentional malicious act of its employee.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

A. D. ARMSTRONG

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2011-02654-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

A. D. Armstrong, #489-194
State Route 56
Lebanon, Ohio 45036

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa
5/27
Filed 6/14/11

Sent to S.C. reporter 9/21/11