[Cite as *Leach v. Toledo Corr. Inst.*, 2011-Ohio-5517.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARQUIS C. LEACH,

     Plaintiff,

     v.

TOLEDO CORRECTIONAL INSTITUTION,

     Defendant.

Case No. 2010-09370-AD

Acting Clerk Daniel R. Borchert

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶ 1} On July 23, 2010, plaintiff, Marquis C. Leach, an inmate formerly incarcerated at defendant, Toledo Correctional Institution (ToCI), filed this complaint alleging that defendant's employees took possession of a $500.00 money order made out to plaintiff and they willfully and intentional converted the money to their personal use rather than post the sum to plaintiff's inmate account. Specifically, plaintiff stated that on February 5, 2010, "after having mistakenly received a $500.00 (five-hundred dollar money order) at mail call on: February 4, 2010, at 3:30 PM, I personally gave said money order to Ms. Barker (Unit Manager) for her to take to the Institutional Cashier's Office for posting on my institutional account. I had received said money order from my family: Ms. Roseanna Hairabedian for the purpose of posting on my institutional account, and accordingly, after receiving said money order from me, Ms. Baker personally turned that $500.00 money order over to Ms. Kollen, Unit Manager Administrator to be taken to the Institutional Cashier's Office and posting on my institutional account. Those monies never made it to the Cashier's Office nor were they ever posted on my institutional account. Rather, those money was taken or otherwise seized (against my consent)."

**{¶ 2}** Plaintiff maintained his money was lost or stolen while in the custody and care of ToCI staff. On October 26, 2010, and February 18, 2011, plaintiff submitted additional information concerning his attempts to locate the missing money order. Consequently, plaintiff filed this complaint seeking to recover $650.00, the total amount of the money order and $150.00 for telephone charges and postage related to plaintiff's attempts to "retrieve said stolen/missing monies from defendant(s)."[1] The filing fee was paid.

**{¶ 3}** Defendant contended that the money order taken from plaintiff was deposited into his inmate account on February 5, 2010. Thus defendant denied any negligence that resulted in any loss to plaintiff. According to the report authored by the ToCI Inspector, Tara Pinski, "a $500.00 money order was received on 2/5/10 and placed on [plaintiff's] account. Inmate Leach and Roseanna Hairabedian (a friend of the inmate) insists that there is another $500.00 money order." Pinski stated that she asked Ms. Hairabedian "to provide a receipt for the money order that was allegedly missing." Pinski noted that three $500.00 money orders had been credited to plaintiff's account on the following dates: two money orders on February 3, 2010, and one on February 5, 2010. Pinski informed plaintiff that she needed a receipt or a tracking number for the money order "to cross reference the missing money order with the other money orders that had been placed on his account during that time." Pinski verified that the information has not been forthcoming from plaintiff or his family. Based on all of the above, Inspector Pinski opined that the money order that forms the basis of this claim was credited to plaintiff's account on February 5, 2010. Plaintiff did not file a response.

## CONCLUSIONS OF LAW

**{¶ 4}** This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 5}** Although not strictly responsible for a prisoner's property, defendant had

---

[1] Postage and telephone expenses are not compensable in a claim of this type. The request to include these expenses in the damage claim is denied and shall not be further addressed.

at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 6}** Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 7}** Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 8}** In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82.

**{¶ 9}** Plaintiff's failure to prove delivery of cash to defendant constitutes a failure to show imposition of a legal bailment duty on the pat of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

**{¶ 10}** The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Anthill* (1964), 176 Ohio St. 61. The court does not find plaintiff's assertions particularly persuasive.

**{¶ 11}** Plaintiff has failed to prove, by a preponderance of the evidence, any money order was lost, discarded or stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Jones v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-09341-AD, 2006-Ohio-365.

**{¶ 12}** Furthermore, the Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584, citing *Little Miami RR. Co. v.*

*Wetmore* (1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App. 3d 154, 21 OBR 165, 486 N.E. 2d 1249. Thus, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564. The facts of this case as alleged by plaintiff in his complaint, if taken as true, would constitute an intentional tort committed by defendant's employees performed for their own personal purposes. Thus, following the rationale of *Szydlowski*, plaintiff would not have a cause of action against defendant for intentional theft of his money order.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARQUIS C. LEACH,                                  Case No. 2010-09370-AD

    Plaintiff,

    v.

TOLEDO CORRECTIONAL INSTITUTION,        Acting Clerk Daniel R. Borchert

    Defendant.


## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Acting Clerk


Entry cc:

Marquis C. Leach, #618-074          Gregory C. Trout, Chief Counsel
P.O. Box 4501                       Department of Rehabilitation
Lima, Ohio 45802                    and Correction
                                    770 West Broad Street
                                    Columbus, Ohio 43222

6/28
Filed 7/19/11
Sent to S.C. reporter 10/27/11