[Cite as *Sudberry v. S. Ohio Corr. Facility*, 2011-Ohio-7018.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES D. SUDBERRY

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

Case No. 2011-04452-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} Plaintiff, James Sudberry, an inmate incarcerated at defendant's Southern Ohio Correctional Facility (SOCF), asserted he was denied recreation privileges from December 2010 through March 2011 allegedly because Corrections Officer (CO) Barney determined plaintiff's nails were too long. Plaintiff opined that in actuality, the CO retaliated against him for filing a lawsuit against the CO for "police brutality." Plaintiff added that recreation was supposed to be rotated inside or outside every other day but that his block endured an disproportionate amount of recreation outdoors. Finally plaintiff complained about the manner in which the COs determined if an inmate was refusing recreation. On June 3, June 7, and August 9, 2011, plaintiff filed additional documentation in support of his allegations.

{¶ 2} Consequently, plaintiff filed this complaint seeking to recover $2,500.00, as compensation for "physiological & social suffering & physical suffering" due to the

lack of exercise. Payment of the filing fee was waived.

{¶ 3} Defendant denied liability and contended that the process in place for inmates like plaintiff with a maximum security classification is clearly an administrative function within the discretion of prison authorities. Further, defendant advised that the Court of Claims does not have jurisdiction to determine "a constitutional claim based on the conditions of confinement."

{¶ 4} Plaintiff filed a response suggesting that he has been targeted by defendant's employees for discriminatory and retaliatory reasons and asserting that the COs routinely violate the administrative rules and regulations.

CONCLUSIONS OF LAW

{¶ 5} Prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St. 3d 477, 479, 1997-Ohio-139, 683 N.E. 2d 1139, citing *Sandin v. Conner* (1995), 515 U.S. 472, 481-482, 115 S. Ct. 2293, 132 L. Ed. 2d 418. Additionally, this court has held that "even if defendant had violated the Ohio Administrative code, no cause of action would exist in this court. A breach of internal regulations in itself does not constitute negligence." *Williams v. Ohio Dept. of Rehab. and Corr.* (1993), 67 Ohio Misc. 2d 1, 3, 643 N.E. 2d 1182. Accordingly, to the extent that plaintiff alleges that defendant's employees somehow violated internal prison regulations and the Ohio Administrative Code, he fails to state a claim for relief.

{¶ 6} The Supreme Court of Ohio has established that an employer is liable for the tortious conduct of its employee only if the conduct is committed within the scope of employment and if the tort is intentional, the conduct giving rise to the tort must facilitate or promote the business of which the employee was engaged. *Byrd v. Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584, citing *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, and *Taylor v. Doctors Hosp.* (1985), 21 Ohio App. 3d 154, 21 OBR 165, 486 N.E. 2d 1249.

{¶ 7} Further, an intentional and willful tort committed by an employee for his own purposes constitutes a departure from the employment, so that the employer is not

responsible. *Szydlowski v. Ohio Dept. of Rehab. & Corr.* (1992), 79 Ohio App. 3d 303, 607 N.E. 2d 103, citing *Vrabel v. Acri* (1952), 156 Ohio St. 467, 46 O.O. 387, 103 N.E. 2d 564. The facts of this case, if taken as true, would constitute an intentional tort committed by defendant's employee performed for his own personal purposes. Thus, following the rationale of *Szydlowski*, supra, plaintiff would not have a cause of action against defendant for CO Barney's actions.

{¶ 8} To the extent that plaintiff alleges claims based upon retaliation, action against the state under Section 1983, Title 42, U.S. Code may not be brought in the Court of Claims because the state is not a "person" within the meaning of Section 1983. See, e.g., *Jett v. Dallas Indep. School Dist.* (1989), 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598; *Burkey v. Southern Ohio Correctional Facility* (1988), 38 Ohio App. 3d 170, 528 N.E. 2d 607; *White v. Chillicothe Correctional Institution* (Dec. 29, 1992), Franklin App. No. 92-AP-1229. Indeed, claims of retaliation are to be treated as an action for alleged violations of constitutional rights under Section 1983, Title 42, U.S. Code. Thus, this court is without jurisdiction to hear those claims.

{¶ 9} Based upon the foregoing, the court finds that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES D. SUDBERRY

    Plaintiff

    v.

SOUTHERN OHIO CORRECTIONAL FACILITY

    Defendant

Case No. 2011-04452-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

James D. Sudberry, #402-190
P.O. Box 45699
Lucasville, Ohio 45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

10/20
Filed 10/25/11
Sent to S.C. reporter 3/13/12